UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
**George Tammany, et al.,**                     :

             **Plaintiffs,**         :        REPORT & RECOMMENDATION

             - against -                 :        07 Civ. 6953 (NRB) (LMS)

**Charles Hawthorne, et al.,**                 :

             **Defendants.**         :
-------------------------------------------------------x

**TO:   THE HONORABLE NAOMI REICE BUCHWALD, U.S.D.J.**[1]

    This action was commenced in this Court on August 2, 2007, when Defendants filed a Notice of Removal, removing Plaintiffs' action against them from New York State Supreme Court, Putnam County. See Docket # 1. In their Complaint, Plaintiffs asserted claims for fraud and larceny arising out of certain business dealings between Plaintiffs and Defendants in 2006 and 2007. Id. On August 13, 2007, Defendants filed their Answer. See Docket # 3. Prior to the referral of this case to the undersigned, three court conferences were held on July 11, 2008, September 19, 2008, and May 15, 2009. See Docket Sheet. According to Defendants, during this time, they retained an accountant and inspected Plaintiffs' books. See Affirmation in Support (Docket # 15) ¶ 6. On July 7, 2009, a motion to withdraw was filed by Plaintiffs' counsel, Docket # 4, and this matter was referred to the undersigned. Docket # 5.

    On July 22, 2009, the Court issued an Order granting the motion of Plaintiffs' counsel. Docket # 8. In its Order, the Court stayed the proceedings for 30 days to allow Plaintiffs to find new counsel. The Court noted that at the next conference, "Plaintiffs must appear either through

---

[1] While a Consent to Exercise of Jurisdiction by a United States Magistrate Judge has been filed in this case, see Docket # 11, it was only signed by counsel for Defendants. Therefore, I address the instant motion by way of Report and Recommendation.

new counsel or the individual plaintiff may appear *pro se*. Plaintiffs are reminded that the corporate plaintiffs must appear through counsel." Id. Importantly, the Court advised that "[f]ailure to appear will be a basis for permitting defendants to move to dismiss the complaint." Id.

Subsequent conferences were held on August 20, 2009, September 29, 2009, October 30, 2009, and November 13, 2009. See Docket Sheet. At each of these conferences, Plaintiffs were represented by Willis Stephens, Esq., although Mr. Stephens never filed a formal notice of appearance with the Court. During this time period, the parties were engaged in settlement discussions, although no settlement was ever reached. On December 10, 2009, Plaintiffs' counsel failed to appear for a scheduled phone conference, and the Court had to schedule a new date. Plaintiffs' counsel did appear for the rescheduled phone conference held on February 1, 2010. See Minute Entry, Docket Sheet. Because the parties had yet to settle the case, at that conference the Court ordered them to submit a proposed discovery schedule by February 16, 2010. On March 1, 2010, Defendants provided their Rule 26(a)(1) initial disclosures to Plaintiffs, see Affirmation in Support Ex. F, but Plaintiffs did not provide Rule 26(a)(1) disclosures to Defendants. Plaintiffs' counsel again failed to appear for the next phone conference, which had been scheduled for March 26, 2010. On May 3, 2010, this Court issued a Scheduling Notice that scheduled an in-person conference for May 27, 2010. Docket # 14. The Scheduling Notice included the following admonition:

> Previous counsel for Plaintiff was terminated and, although new counsel Willis Stephens has appeared in this matter, he has failed to file a formal notice of appearance with the court. Additionally, he has failed to respond to the court's calls to attend to this matter. Therefore, Tammany Flooring must make an appearance at this conference. However, please note that a corporation cannot appear *pro se*; a corporation **must** be represented by counsel. Failure to appear at this conference may result in sanctions,

including granting defense counsel the opportunity to file a motion to dismiss for failure to prosecute.

Id.

Plaintiffs failed to attend the May 27, 2010, conference, and the Court set a schedule for Defendants' motion to dismiss for failure to prosecute: Defendants' moving papers were to be served and filed by June 28, 2010; Plaintiffs' opposition papers were to be served and filed by August 2, 2010; and Defendants' reply papers were to be served and filed by August 13, 2010. On June 28, 2010, Defendants electronically filed their moving papers. See Docket #'s 15-16.[2] It subsequently came to the Court's attention that Defendants had never served hard copies of their motion papers on Plaintiffs who, by that point, were presumed to be proceeding *pro se*. Therefore, the Court directed Defendants to re-file hard copies of their motion papers with the Clerk of the Court[3] and to serve hard copies of their papers on Plaintiffs.[4] The new Notice of Motion, filed on August 20, 2010, indicated that Plaintiffs had until September 17, 2010, to serve and file their opposition papers and that the return date for the motion was September 30, 2010. Docket # 18. Plaintiffs never filed an opposition to the motion.

For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that this case should be dismissed with prejudice for failure to prosecute.

---

[2] Docket # 16, entitled Memorandum of Law, was filed on ECF on June 28, 2010, however, it includes only the exhibits to the Affirmation in Support of Defendants' motion. To correct the record, Defendants filed the Memorandum of Law on ECF on July 29, 2010. See Docket # 17.

[3] Electronic filing is not permitted in cases involving *pro se* litigants.

[4] Defendants not only served their papers on Plaintiffs, but served a courtesy copy of their papers on Plaintiffs' counsel, Mr. Stephens, as well.

**DISCUSSION**

Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Thus, under Rule 41(b), a plaintiff is required to diligently prosecute his or her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). However, the Second Circuit has cautioned that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a "harsh remedy," which should only be utilized in "extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted). Therefore, the Second Circuit has provided the following five factors for the court to consider before dismissing an action pursuant to Fed. R. Civ. P. 41(b):

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit reviews dismissals pursuant to Fed. R. Civ. P. 41(b) only for abuse of discretion. Id. at 575.

In this case, a review of the five factors militates in favor of dismissal. First, the individual Plaintiffs have delayed this case by failing to appear for the December 10, 2009, and March 26, 2010, phone conferences; by failing to appear for the May 27, 2010, in-person conference; and by failing to respond to the instant motion to dismiss in accordance with the court-ordered schedule. Moreover, the corporate Plaintiff has delayed the case by making no formal appearance through counsel since the motion to relieve was granted on July 22, 2009. Second, the Court's Scheduling Notice concerning the May 27, 2010, conference put Plaintiffs

on notice that their failure to appear could result in dismissal of the case, yet they nonetheless failed to appear.[5]  Third, "with regard to possible prejudice to defendants by virtue of further delay, a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff[s] changed [their] mind[s] or the court lost patience.  Accordingly, we may infer the likelihood of some prejudice if the motion were not granted."  Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01 Civ. 3417, 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) (citations omitted).  Moreover, it is worth noting that Defendants have already had to defend this case for three years and, as time passes, their ability to defend the case is impacted incrementally.  Fourth, given the age of this case and the length of time that the case has remained inactive on account of Plaintiffs' neglect, the Court's interest in moving this case off of its docket outweighs the need to give Plaintiffs even more time to be heard in the matter.  Fifth, given Plaintiffs' repeated failure to comply with the Court's orders or to appear for conferences, as well as their continued failure to communicate with the Court, the sanction of dismissal with prejudice is appropriate in this case.

     Defendants also seek dismissal of the action for Plaintiffs' failure to provide discovery in accordance with Fed. R. Civ. P. 16 and 26.  Fed. R. Civ. P. 37(b)(2)(A) provides the court with the authority to sanction a party who fails to comply with a court order to provide discovery.  In this case, given that discovery had only been ordered during the final conference in which Plaintiffs' counsel participated, on February 1, 2010, and that Plaintiffs had never been warned of the consequences of their failure to provide discovery, the Court does not believe that Plaintiffs'

---

[5]This was after their new counsel, who was retained in order to avoid dismissal of the action pursuant to the Court's July 22, 2009, Order, and who never filed a formal notice of appearance, missed two previously-scheduled phone conferences.

noncompliance warrants the sanction of dismissal.[6] See, e.g., Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) ("Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance.") (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir.1995)). Rather, for the reasons set forth above, I conclude, and respectfully recommend that Your Honor should conclude, that the action should be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, I conclude, and I respectfully recommend that Your Honor should conclude, that Defendants' motion to dismiss for failure to prosecute (Docket # 18) should be granted, and Plaintiffs' action should be dismissed with prejudice.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Naomi Reice Buchwald at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to

---

[6] Consequently, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' application for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(C) should be denied.

the chambers of the undersigned at the Hon. Charles L. Brieant Jr. Federal Building & Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Buchwald and should not be made to the undersigned.

Dated: October 12, 2010
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Naomi Reice Buchwald, U.S.D.J.

George Tammany, Tammany Flooring, Inc.,
    and Tammco Ltd.
12 Main Street, Suite 309
Brewster, NY 10509

Tammany Flooring, Inc.
162 East Main Street
Brewster, NY 10509

David Schultz
Barry, McTiernan & Moore
2 Rector Street
New York, NY 10006